SAINT MARY OF NAZARETH HOSPITAL CENTER, et al., Appellants

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services.

MOUNT ZION HOSPITAL AND MEDICAL CENTER, Appellant

v.

Richard SCHWEIKER, in his official capacity as Secretary of Health and Human Services.

WASHINGTON TOWNSHIP HOSPITAL DISTRICT d/b/a Washington Hospital, Appellant

v.

Richard SCHWEIKER, in his official capacity as Secretary of Health and Human Services.

Nos. 82–1034, 82–1047 and 82–1052.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 25, 1982.

Decided Aug. 28, 1984.

---

See also, D.C., 587 F.Supp. 937.

Dennis M. Barry, Washington, D.C., with whom J.D. Epstein, Washington, D.C., was on the brief, for appellants.

Vicki L. Schulkin, Atty., Dept. of Health and Human Services, Washington, D.C., with whom Juan A. del Real, Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., was on the brief, for appellee. Kenneth M. Raisler and Valerie K. Schurman, Asst. U.S. Attys., Washington, D.C., also entered appearances for appellee.

Before WRIGHT and GINSBURG, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Remaining in this case is the question of the Provider Reimbursement Review Board's ("PRRB" or "Board") jurisdiction over the claims of St. Vincent Hospital and Medical Center of Toledo ("St. Vincent"). We issued an opinion in this case on September 23, 1983, *St. Mary of Nazareth Hospital Center v. Schweiker*, 718 F.2d 459 (D.C.Cir.1983), but withheld judgment regarding PRRB jurisdiction because of the pending rehearing petition in *Athens Community Hospital, Inc. v. Schweiker*, 686 F.2d 989 (D.C.Cir.1982) (*Athens I*) The panel in *Athens* has now issued a modified opinion which we believe to be controlling. *Athens Community Hospital, Inc. v. Schweiker*, 743 F.2d 1 (D.C.Cir.1984) (*Athens II*). We therefore affirm the determination of the Deputy Administrator of the Health Care Financing Administration that the PRRB did not have jurisdiction over St. Vincent's claims.

St. Vincent was the only hospital of the seventy-two involved in the group appeal here to include labor/delivery patients in its inpatient counts in calculating its routine average cost per diem when it timely filed its cost reports with its fiscal intermediary Blue Cross of Northwestern Ohio ("BCNO"), pursuant to 42 C.F.R. §§ 405.-453(f), 405.1081(b) (1977). After BCNO issued its Notice of Program Reimbursement ("NPR") informing St. Vincent of the reim-

bursement due it, St. Vincent requested that BCNO reopen its cost report to exclude from the inpatient count labor/delivery area patients. *St. Mary of Nazareth Hospital Center*, 718 F.2d at 474. BCNO denied the request, citing 42 C.F.R. § 405.1885 and Intermediary Manual § 2631 (HIM–13). When BCNO later reopened St. Vincent's cost report to revise matters unrelated to the labor room issue, St. Vincent again asked BCNO to reopen the labor room issue. BCNO again denied the request. St. Vincent then sought to join the group appeal of the labor room issue to the PRRB. The PRRB concluded that it had jurisdiction, over the intermediary's objections, accepting the argument that because "the Provider's cost report was reopened, the Provider was entitled to make any claim for additional reimbursement at that time." PRRB Case No. 79–78G, Decision at 2, *quoted in St. Mary of Nazareth Hospital Center*, 718 F.2d at 474. The Deputy Administrator reversed; the district court did not discuss the PRRB's jurisdiction because of its disposition on the merits.

■ Although the procedural posture of *Athens* differs somewhat from that here, we think that under the rationale of the opinion issued today in *Athens* the PRRB could not take jurisdiction over these claims.[1] St. Vincent concedes that it did not indicate until after the NPR was issued that it was claiming that labor/delivery patients should be excluded from the routine inpatient count. As *Athens II* makes clear, the PRRB's jurisdiction is limited to matters for which reimbursement was expressly requested. Because St. Vincent did not place in issue the accounting treatment of the labor/delivery room patients in its cost report, the PRRB could not review it on its own motion and the intermediary did not have to consider the matter in its initial review of the report.

St. Vincent's primary contention is that because the intermediary reopened on an unrelated issue, it had to allow St. Vincent to introduce the labor room claim. *Athens II* discusses the effect of an intermediary's refusal to reopen and makes clear that reopening is issue-specific and that the decision to reopen lies exclusively with the last decision-maker. *Athens II*, at 7, *citing* 42 C.F.R. § 405.1885(c). That is, if the intermediary has made a determination and it has not been appealed to the PRRB, then the intermediary alone decides whether to reopen. It is inconsistent with this concept to allow a provider, by appealing an item not previously claimed, to circumvent the intermediary's decision not to reopen to include that item.

■ Reopening is only permitted to hear new *evidence*—not new *claims*. *Athens I*, 686 F.2d at 996 (emphasis in original). St. Vincent, however, was not trying to introduce new evidence; it was trying to make a claim it had not previously presented through its cost report. *Athens II* makes clear that BCNO was fully within its rights to refuse reopening for such purposes and that its determination not to reopen is final and conclusive under 42 C.F.R. § 405.1885(c) (1983).

St. Vincent argues that this rule allows intermediaries to reopen reports in piecemeal fashion and that this is irrational and can be unfair. An intermediary could reopen a report to exclude a cost in one part of the report, for example, without at the same time including it in the part of the report where it is allowable. We disagree. For the intermediary to have disallowed such cost, it must have appeared on the cost report. Because the cost would have been raised on the cost report and placed in dispute, the PRRB would have jurisdiction to resolve its proper disposition, and it is conceivable that doing so would require readjusting (or at least considering) other

---

[1]. In *Athens,* after the intermediary refused to reopen to entertain new claims and the PRRB declined to exercise jurisdiction over the new claims, the district court ordered the PRRB to review the providers' new claims. The panel in *Athens* today reaffirmed its holding that the PRRB properly declined to exercise jurisdiction. The question here is whether the PRRB has jurisdiction over claims not presented to the intermediary and not allowed to be presented through reopening by the provider.

aspects of the cost report not touched on by the intermediary; 42 U.S.C. § 1395oo(d) (1982) and 42 C.F.R. § 405.1869 (1983) explicitly allow for this. *See Athens II*, at 4. It is clear, in any event, that St. Vincent's is not such a case. No one claims that labor/delivery days in any way relate to the other matters about which BCNO reopened.

For the reasons stated above and those in the opinion issued today by the panel in *Athens II*, we affirm the determination of the Deputy Administrator that the PRRB was without jurisdiction to hear the claim of St. Vincent Hospital and Medical Center of Toledo.